## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUDY A. MILLER, D.O., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-10-471-RAW** |
| | ) | |
| HOSPITAL CARE CONSULTANTS, INC., | ) | |
| and ERIK HEMINGWAY, | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Before the court is the motion of the plaintiff for partial summary judgment and the motion of the defendants for summary judgment or alternatively for partial summary judgment.   The governing standard for granting such a motion is contained in Rule 56(a) F.R.Cv.P. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

Initially, the court must note its disapproval of defendants' briefing in the case.  For example, defendants' motion for summary judgment (#43) contains factual assertions, citations to authority and argument.   It runs seventeen pages, and is clearly a combined motion/brief.   Such a filing is permitted under Local Civil Rule 7.1(c)("The brief may be combined with the motion, application, or objection.").  Defendants, however, have also filed a separate brief (#44), with additional argument and authorities.  This document runs 22 pages.  The Local Rules permit a combined motion/brief, or a separate brief; they do not

permit both.   Moreover, Local Civil Rule 7.1(d) provides that "No brief shall be submitted that is longer than twenty-five pages."   Defendants have submitted a combined thirty-nine pages[1]. Plaintiff has not moved to strike the motion or brief.   The court has considered doing so *sua sponte*, but it does appear certain issues are clear as a matter of law, and a jury trial over those issues would not promote judicial efficiency and would result in more expense to the parties.   The court finds much of defendants' double-briefing to be repetitive, and is comfortable that the court's ruling below would be the same even after reviewing a single brief adhering to the 25-page limit[2].

Plaintiff and defendant Hospital Care Consultants, Inc. ("HCC") entered into a contractual Employment Agreement ("the Agreement") on September 21, 2008.   The Agreement specified a term of three years and provided plaintiff would be performing hospitalist functions at McAlester Regional Health Center in McAlester, Oklahoma.  Plaintiff contends that the Agreement further provided that plaintiff would be provided compensation and benefits, including a base salary, 401(k), a sign-on bonus and partial student loan repayment.

---

[1]The court is not asserting that defense counsel deliberately sought to flout the Local Civil Rules.

[2]Additionally, in defendants' response (#50) to plaintiff's motion for summary judgment, they begin by haphazardly citing statements of material fact contained in plaintiff's motion which defendants deem untrue rather than the proper term "disputed."   This list also does not comport with the requirement of Local Rule 56.1(c) that "Each fact in dispute . . . shall refer with particularity to those portions of the record upon which the opposing party relies, and if applicable, shall state the numbered paragraphs of the movant's facts that are disputed."   *See also* Rule 56(c)(1)(A) F.R.Cv.P.

In April 2009, HHC requested plaintiff to being filling shifts at a facility in Duncan, Oklahoma. Plaintiff did so for a period from April 2009 until May 2010. HHC terminated plaintiff's employment on July 21, 2010, with over one year left in the contract term.

This is an action brought by the plaintiff in state court and removed by the defendants to this court. In her state court petition, plaintiff alleged three causes of action against one or both defendants: (1) breach of contract, (2) tortious interference with contractual relations and (3) tortious interference with prospective economic advantage. Defendant has moved for summary judgment as to all three claims. In her response, plaintiff only addresses her breach of contract claim. Based upon the present record, the court finds the defendants' position as to claims (2) and (3) is well-taken and their motion is granted as to those claims[3]. As defendants note, one asserting a tortious interference claim must also show that the defendant was not a party to the contract with which it allegedly interfered. *See Hallinan v. Republic Bank & Trust Co.,* 2006 WL 1495232 (S.D.N.Y.2006). Plaintiff has failed to do so. As for tortious interference with prospective economic advantage, plaintiff must show some intentional or improper conduct or means exist on the part of the defendant. *See McNickle v. Phillips Petroleum Co.,* 23 P.3d 949, 953 (Okla.Ct.App.1999). Here, defendant HCC merely exercised its lawful rights in (a) requesting McAlester Regional to pay a "finder's fee" before hiring plaintiff and (b) rescinding an offer to plaintiff to work at the

---

[3]*See Murray v. City of Tahlequah, Okla.,* 312 F.3d 1196, 1200 (10th Cir.2002)(failure of nonmoving party to respond does not mean the motion may be granted on that ground alone).

Duncan facility, such rescission taking place before plaintiff accepted the offer. These are not tortious acts.

Plaintiff moves for partial summary judgment both as to her claim for breach of contract and the defendants' counterclaims for breach of contract and unjust enrichment. Thus, as to plaintiff's breach of contract claim, both sides have moved for summary judgment. Cross motions for summary judgment are treated separately; the denial of one does not require the grant of another. *US Airways, Inc. v. O'Donnell,* 627 F.3d 1318, 1324 (10th Cir.2010).

Regarding plaintiff's breach of contract claim, she cites four separate instances or sub-claims: (a) she was assigned to work shifts at Duncan Regional Hospital more frequently than "from time to time" as set forth in the Agreement; (2) one such assignment forced her to miss an important meeting at McAlester Regional Hospital; (3) defendants failed to pay plaintiff her student loan compensation from the 2008-09 work year; and (4) defendants failed to make plaintiff's 401(k) monthly contributions for April, May and June of 2009.

The court first addresses the Duncan assignments. The parties acknowledge that the Agreement states that the "Hospitalist shall be employed underlineprimarily at the location known as McAlester Regional Health [but] may be assigned from time to time to other locations at which the Corporation [HCC] has a contractual obligation." (Agreement at ¶2)(emphasis and brackets added). Plaintiff contends that defendants assigned plaintiff to Duncan

4

excessively, beyond the weight that the words "from time to time" should properly bear[4].

Plaintiff further contends that HCC's requirement that plaintiff work in Duncan more (in plaintiff's view) than "from time to time" constitutes a <u>total</u> breach of the contract. A total breach "so substantially impairs the value of the contract to the injured party at the time of the breach that it is just in the circumstances to allow him to recover damages based on all his remaining rights to performance." *Mobil Oil Exploration & Producing Se., Inc., v. United States,* 530 U.S. 604, 608 (2000)(quoting <u>Restatement (Second) of Contracts</u> §243). A total breach may be caused by such a material failure of performance when due as to go to the essence and frustrate substantially the purpose for which the contract was agreed to by the injured party. *See Draim v. Virtual Geosatellite Holdings, Inc.,* 522 F.3d 452, 454-55 (D.C.Cir.2008).

Plaintiff proceeds from this premise to the argument that defendants could not discharge her under the termination clause of the Agreement. Plaintiff quotes the statement in *Roye Realty & Developing, Inc. v. Arkla,* 78 F.3d 597 (10th Cir.1996)(unpublished) that "if a party is in *total* breach of a contract or repudiates a contract, it loses its right to terminate that contract" (italics in original).

The court need not decide whether (considered in a vacuum) defendants' actions based upon the "from time to time" language arguably constituted a total breach, although

---

[4]Under Oklahoma law, the "words of a contract are to be understood in their ordinary and popular sense." *See* 15 O.S. §160.

the court is doubtful that it did.  The question need not be reached because of subsequent conduct.  It is not disputed that plaintiff continued her duties under the Agreement and took additional compensation for the trips to Duncan.  "When a non-breaching party elects to continue performance, that party is said to elect to treat the breach as partial rather than total."  *Old Stone Corp. v. United States,* 450 F.3d 1360, 1371 (Fed.Cir.2006)[5].  The court therefore rejects plaintiff's argument that "HCC's termination of the contract on July 21, 2010 is ineffective under the law" (Plaintiff's motion #46 at 11-12), and that "HCC cannot take advantage of the termination clause subsequent to its total breach" (Plaintiff's reply #58 at 4-5).  Accordingly, plaintiff's argument that she is entitled to seek damages for the remainder of the contract term (i.e., past the effective date of termination) is also rejected.

Having said the foregoing, the court denies both parties' motions as to the issue of breach itself.  Both parties have presented plausible interpretations of the "from time to time" language.  The court declines to adopt as a matter of law the interpretation offered by defendants by way of a decision from another jurisdiction[6].  Also, that decision does not involve an employment contract but rather the interpretation of documents of indebtedness.  Under Oklahoma law, the court decides, as a matter of law, whether a contract provision is ambiguous.  *See JPMorgan Chase Bank, N.A. v. Specialty Restaurants, Inc.,* 243 P.3d 8, 13

---

[5]Plaintiff states that "Dr. Miller's acceptance of compensation for her Duncan travels is inconsequential to the determination of whether HCC breached the Agreement."  (Reply at 3).  That may or may not be correct as stated.  The additional compensation and continued performance in reliance thereon are not, however, inconsequential to the issue of total vs. partial breach.

[6]*TMG Life Ins. Co. v. Ashner,* 898 P.2d 1145 (Kan.Ct.App.1995).

(Okla.2010). This court finds that the "employed principally" and "from time to time" provisions are ambiguous in conjunction with one another. "The construction of an ambiguous contract then becomes a mixed question of law and fact and should be submitted to the jury for its determination under proper instructions by the court." *Ahlschlager v. Lawton School Dist.,* 242 P.3d 509, 515 (Okla.2010).

Defendants have asserted the affirmative defenses of waiver, estoppel and accord and satisfaction. "When the evidence concerning waiver is conflicting, or when more than one reasonable inference may be drawn from the evidence, the existence or non-existence of waiver is a question of fact for the jury." *Murphy Oil USA, Inc. v. Wood,* 438 F.3d 1008, 1013 (10th Cir.2006). "It is only where there is an express, knowing, and willing waiver that the issue becomes a question of law for the court." *Id.* Viewing the record in the light most favorable to plaintiff, the court declines to rule as a matter of law. Similarly, "[t]he defenses of accord and satisfaction and of estoppel turn on questions of fact for the jury." *Transpower Constructors v. Grand River Dam Auth.,* 905 F.2d 1413, 1419 (10th Cir.1990). Again, summary judgment will not be granted on the present record.

On the merits, the court finds disputed issues of material fact as to the existence of a breach as to all four sub-claims. Defendants devote a sentence (both in their motion/brief and in the separate brief) to the issue of damages. No citation of authority accompanies the reference. Moreover, while the sentence concludes "Defendants are entitled to judgment as a matter of law on this issue," this is reference made in passing. Under Oklahoma law, a plaintiff asserting a breach of contract claim must show (1) formation of a contract; (2)

7

breach of the contract; and (3) damages as a direct result of the breach. *Digital Design Group, Inc. v. Information Builders, Inc.,* 24 P.3d 834, 843 (Okla.2001). This implies that <u>actual</u> damages are a requirement for recovery. As to some of the alleged breaches, plaintiff is (at best) quite vague as to the amount of actual damages suffered and quite weak in the proof of damages offered. The court declines to grant summary judgment based upon a passing reference and with no cited authority. In any event, Oklahoma statutory law provides in 23 O.S. §98 as follows: "When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages." Moreover, the <u>Restatement (Second) of Contracts</u> §346(2) provides for nominal damages in a breach of contract action.[7] Accordingly, the court will permit all four alleged breaches to proceed to trial and will revisit the issue at the close of plaintiff's case in chief.

Finally, the court will deny plaintiff's motion for summary judgment as to defendants' counterclaims of breach of contract and unjust enrichment. Genuine disputes as to material facts exist.

It is the order of the court that the motion of the plaintiff for partial summary judgment (#46) is hereby DENIED. The motion of the defendants for summary judgment or

---

[7]It does not appear that an Oklahoma appellate court has addressed this portion of the <u>Restatement</u>.

alternatively for partial summary judgment (#43) is hereby GRANTED in part and DENIED in part.  The motion is granted as to plaintiff's claims for tortious interference with contractual relations and tortious interference with prospective economic advantage.  The motion is also granted as follows: plaintiff's claims of breach of contract and associated damages, if any, are limited to those incurred until August 31, 2010, the effective date of plaintiff's termination.  The motion is otherwise denied.

**ORDERED THIS 21st DAY OF OCTOBER, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

9